**Edward Johnson, OSB #965737**
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Avenue, Suite 812
Portland, OR 97204
Phone: (503) 473-8310
Fax: (503) 295-0676

**Brett E. Landis, OSB # 074793**
brett.landis@lasoregon.org
LEGAL AID SERVICES OF OREGON
832 Klamath Ave
Klamath Falls, OR, 97601
Phone:  (541) 273-8872

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MARIA BROWN, OSCAR HERNANDEZ, and BRITANI JOHNSTON, | Case No. |
| Plaintiffs, | |
| | COMPLAINT |
| v. | 5 USC §706(1) and (2) |
| THOMAS VILSACK, Secretary of the Department of Agriculture; DOUGLAS O'BRIEN, Acting Undersecretary for Rural Development; TONY HERNANDEZ, Administrator Rural Housing Service; and VICKI L. WALKER, Oregon Rural Development State Director, | |
| Defendants. | |

Page 1 – COMPLAINT

I. PRELIMINARY STATEMENT

1. Plaintiffs, very low-income residents of Merrill Apartment (Merrill), a U.S. Department of Agriculture (USDA) financed and subsidized apartment development, are threatened with displacement from their homes because the federal Defendants are not following their statutory and regulatory obligations to preserve Merrill and to protect its residents from dislocation by offering the owner of Merrill incentives to stay in the federal housing program, financing and subsidizing the transfer of the development to another owner who would continue to operate Merrill as a federally subsidized development, and by taking actions that prevent them from securing Rural Development (RD) Vouchers that would allow them to remain in their homes even if Merrill was no longer financed and subsidized by USDA.  Because there is no other vacant, affordable subsidized housing available in Merrill and its immediate vicinity, the Plaintiffs face undue hardship due to significantly higher rents, having to live in housing that is not decent, safe and sanitary, or possible homelessness.

2. Plaintiffs are seeking injunctive and declaratory relief to ensure that the Merrill loan is not prepaid without the federal Defendants extending to the Plaintiffs all the protections that Congress intended to extend to them to avoid their being displaced from their homes.

3. Plaintiffs are also seeking to enjoin the Defendants from further delaying the timely and proper processing of a request by the owner of Merrill to prepay the USDA loan that financed the construction of the Merrill and from allowing the Merrill loan to mature without the Plaintiffs securing any protections against displacement. The timely processing of the owner's prepayment request will ensure that the Plaintiffs receive the

Page 2 – COMPLAINT

assistance that they were intended to receive to avoid displacement from their homes.

II. JURISDICTION

4.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, 1343(a)(3) and (4), 1361 and 1367.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

III.  PARTIES

5.  Plaintiff Maria Brown is a very low-income resident of Merrill who pays $112.00 per month in rent to Klamath Housing Authority, the manager of Merrill, under the terms of a written rental agreement, which began in August, 2010.

6.  Plaintiff Oscar Hernandez is a very low-income resident of Merrill who pays an average of $137.00 per month in rent to Klamath Housing Authority under the terms of a written rental agreement, which began in March, 2014.

7.  Plaintiff Britani Johnston is a very low-income resident of Merrill who pays $44.00  per month in rent to Klamath Housing Authority under the terms of a written rental agreement, which began in July, 2014.

8.  Defendant Thomas Vilsack , the Secretary of the United States Department of Agriculture , is statutorily vested with the authority to operate the rural housing programs authorized by Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471 et. seq.  Defendant Vilsack is sued in his official capacity.

9.  Defendant Doug O'Brien is the Acting Under-Secretary for Rural Development.  The rural housing programs are administered and overseen by the Rural Development mission area of USDA.  Defendant O'Brien is sued in his official capacity.

10. Defendant Tony Hernandez is the Administrator of the Rural Housing Service (RHS),

Page 3 – COMPLAINT

who is responsible for the day-to-day administration of the USDA rural housing

programs at the national level.  Mr. Hernandez is being sued in his official capacity.

11.  Defendant Vicky Walker is the Rural Development State Director for Oregon.  She is

responsible for the day-to-day administration of the RHS housing programs in the state of

Oregon.  On information and belief, Ms. Walker, or a Rural Development employee

under her direction and control, is overseeing the operation of Merrill and is responsible

for processing prepayment requests submitted from Oregon owners of RHS financed

rental housing.  Ms. Walker is being sued in her official capacity.

## IV.  FACTS

12. Merrill is a 12-unit development located in the City of Merrill, Klamath County, Oregon

that is financed by the USDA under Section 515 of the Housing Act of 1949, 42 USC

§§ 1485.  It is owned by the Fenner-Segene Group, a co-partnership, and is managed by

the Klamath Housing Authority.

13. Eleven of the 12 units at Merrill are deeply subsidized under Section 521 of the Housing

Act of 1949.  42 U.S.C. § 1490a.  The 12th unit is occupied by an on-site manager of the

development.

14. The USDA loan for Merrill was entered on July 29, 1975.  The loan was made for a term

of 40 years with the final loan payment scheduled for July 29, 2015. The Merrill loan is

scheduled to mature on August 5, 2015 according to the mortgage filed on or about

August 5, 1975.

15. Under RHS regulations, any mortgage payment that retires the mortgage prior to its

maturity date is considered to be a prepayment and is subject to the prepayment

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310

restrictions of 42 U.S.C. § 1472(c) and RHS regulations. 7 C.F.R. Part 3560, Subpart N. 7 C.F.R. §3560.11 (definition of Prepayment).

16. The mortgage payments for Merrill are made automatically through a monthly offset by RD from the Rental Assistance Payments that are due to Merrill and are paid on a monthly basis.

17. The owner and manager of Merrill have been notified by RD that under the current payment offset the Merrill loan will be prepaid prior to its maturity. On information and belief, the Merrill loan is currently scheduled to mature in March of 2015.

18. RD has not advised the Merrill residents that the Merrill loan will mature ahead of schedule.

19. Under RHS authorizing statutes and regulations, once a mortgage matures or is prepaid without restrictions all subsidies that reduce the rents to residents, including Interest Credit and Rental Assistance, cease.

20. The residents of a Section 515 development are not eligible for RD vouchers when the mortgage loan matures.

21. Section 515 borrowers who ask to prepay their loans must submit a prepayment request at least 180 days before the actual date of prepayment.

22. When the owner of a development submits a prepayment request, RD is required to determine whether the request is complete. There are seven pieces of information that an owner seeking to prepay a loan must submit to RD in support of the prepayment request, 7 C.F.R. § 3560.653 (b). This includes a "statement documenting the borrower's ability to prepay under the terms specified." *Id*.

Page 5 – COMPLAINT

23. It should not take more than 15 minutes for an RD official to determine whether a prepayment request is complete.

24. RD must notify the residents of the development of the owner's request to prepay the loan within 30-days of receiving a complete prepayment request.

25. Once a complete prepayment request has been submitted, RD has 60 days to determine the feasibility of the prepayment.  This means that the borrower has the actual ability to prepay the agency loan.

26.  If a prepayment request is feasible, RD must offer incentives to the owner to remain in the program and, if the owner rejects the incentives, it must determine whether the prepayment will have an adverse impact on minority housing opportunities.

27. RD must require the owner of a Section 515 development to offer the development for sale to a nonprofit or public entity for 180 days at a price to be determined through an appraisal process specified in RHS regulations if the agency  determines that the prepayment request will have an adverse impact on minority housing opportunities.

28. RD is statutorily obligated, subject to the availability of funding, to allow a *bona fide* bidder under a forced sale to a nonprofit or public entity to assume the balance of the original loan, to finance the balance of the transfer price, and to extend subsidies, through rental assistance or debt forgiveness, to ensure that the development continues to be available to residents without their having to pay more than 30 percent of their income for shelter payments after the transfer of the development.

29. If no offer is made to purchase the development that is subject to a prepayment request that impacts minority housing opportunities or, if an offer is not consummated and the

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310

owner prepays the Section 515 loan, the residents of the development are eligible to receive RD vouchers that will enable them to continue to reside in their homes or move to other decent housing anywhere in the United States

30. On or about August 18, 2014, the owner of Merrill submitted to RD Oregon a complete request to prepay the Merrill loan. RD received the Merrill prepayment request on August 21, 2013.  The Merrill owner's prepayment request included a financial statement showing that the Merrill accounts had sufficient cash resources to pay off the balance of the RD loan.

31. RD did not respond to the Merrill prepayment request and did not send a letter confirming receipt of a complete request to the Merrill owner, manager, or to the residents of Merrill, which includes the Plaintiffs, for more than 62 days.  This despite several inquiries made by the owner's representative about the status of the request. On October 21, 2014, RD sent an e-mail to the Merrill owner's representative advising it that she was personally obligated to forward documentation to the agency that the she has the capacity to prepay the RD loan and that a notice of the owner's prepayment request cannot be forwarded to the residents until evidence of such capacity is received.

32. The RD October 21, 2014 e-mail also stated that it is not sufficient for the owner of Merrill to document that the development's accounts have adequate funding to prepay the loan but that a copy of the representative's personal bank statement documenting cash resources to pay the balance of the loan had to be submitted to the agency.

33. RD's failure to respond to the prepayment request is intentional and is based on its staff view that the principal balance of the Merrill loan is too small to process. Its delayed

Page 7 – COMPLAINT

response and its erroneous finding that the submitted prepayment request is not complete are part of RD's efforts to delay the processing to the Merrill prepayment request until after the Merrill mortgage loan matures, at which time all RD obligations to extend any assistance to Merrill or its residents cease.

34. On October 31, 2014, 71 days after RD received the complete Merrill prepayment request, RD sent a notice to the residents advising them of the Merrill prepayment request.

35. The population of the City of Merrill is 43 percent Hispanic according the 2010 U.S. Census.  In addition, at least 2% of the Merrill City population consists of racial minorities.

36. Three of the Merrill resident households are Hispanic.

37. There are only two other RD Section 515 family developments, with a total of 32 housing units, in Klamath County.  The waiting list for the larger of these developments, which has 24 units, is so long that it would take an applicant nearly 2 years to be considered for admission.

38. The Section 8 voucher waiting list in Klamath County is also very long and it would take an applicant two years to be considered eligible for a voucher in Klamath County.  The waiting list for public housing in Klamath County is also very long.

39. There is insufficient alternative comparable subsidized decent, safe and sanitary housing in Klamath County to readily house the Plaintiffs and other residents of Merrill.  As a consequence, Plaintiffs will be rent overburdened, overcrowded, or homeless unless Merrill remains as an RD subsidized development or the Plaintiffs are determined eligible

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310

for an RD voucher.

40. Defendants have not taken adequate measures to ensure that all Merrill residents have immediate reasonable access to alternative affordable, decent, safe, and sanitary housing should the Merrill loan be prepaid prior to August 5, 2015.

41. Defendants have not advised the Plaintiffs to apply for Letters of Priority Entitlement that would entitle them to priority admission to other RHS financed housing and, if necessary, move the Rental Assistance subsidy that they are currently receiving to such other RHS financed developments.

42. Defendants have never advised the Plaintiffs that their Rental Assistance and other subsidies as well as their federal resident protections will come to an end once the Merrill loan matures.

43. The Klamath Housing Authority is, under 42 U.S.C. § 1472(c)(5)(B), a local public agency that is qualified to make a *bona fide* offer to purchase Merrill and it is interested in purchasing Merrill should it be advertised for sale in accordance with 42 U.S.C. § 142(c)(5)(A).

44. Under 42 U.S.C. § 1472(c)(5)(C), RHS has a statutory obligation to allow for the assumption of the Merrill mortgage loan by a nonprofit or public agency that makes a *bona fide* offer to purchase Merrill if it is offered for sale in accordance with 42 U.S.C. § 1472(c)(5)(A).  RHS also has a statutory obligation to make a loan to a nonprofit or public entity to enable it to pay for the balance of the purchase of Merrill.

45. Under 42 U.S.C. § 1472(c)(5)(D), RHS has an obligation to subsidize the rents of residents who will live in Merrill after it is sold to a nonprofit or public agency through

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310

the extension of Rental Assistance or Debt Forgiveness so that the residents do not pay

more than 30 percent of income for shelter.

46. Plaintiffs have no adequate remedy at law.

## VI. CLAIMS FOR RELIEF

### First Claim—Administrative Procedure Act

47. Plaintiffs hereby incorporate Paragraphs 1 through 46 hereof as if fully plead herein.

48. Defendants have violated 5 U.S.C. § 706(1) and (2) by unlawfully withholding and

delaying agency action and by abusing their discretion and acting arbitrarily and

capriciously and not in accordance with 42 U.S.C. §§ 1441, 1471, and 1472(c) and RD

regulations codified at 7 C.F.R. § 3560 when they:

    a. failed to reamortize the Merrill loan to ensure that it does not mature on or before

       August 5, 2015, the original loan maturity date;

    b. failed to notify Merrill that its loan is less than six months prior to maturity and

       that RD cannot accept the final payment on the loan without the owner of Merrill

       having filed a prepayment request.

    c. continue to offset the Merrill mortgage payments from the Rental Assistance

       payments made to Merrill in a manner that will cause the Merrill loan to fully

       mature prior to August 5, 2015;

    d. failed to process the Merrill prepayment request in a manner that will facilitate its

       preservation in accordance with 42 U.S.C. § 1472(c).

    e. failed to protect the Plaintiffs from displacement from Merrill by not promptly

       processing the Merrill owner's prepayment request.

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310

**Second Claim—Administrative Procedure Act**—5 U.S.C. § 706(2)

49. Plaintiffs hereby incorporate paragraphs 1 through 46 hereof as if plead herein.

50. For over 27 years RD staff have made varying, arbitrary, and inconsistent decisions on whether a particular prepayment will have an adverse impact on minority housing opportunities in the community in which Section 515 development, whose owner has applied to prepay the Section 515 loans, is located.

51. Defendants have violated 5 U.S.C. § 706(2) of the Administrative Procedure Act and 42 U.S.C. § 1472(c)(5)(j) by failing to adopt regulations defining and guiding RD staff on how it should determine whether a loan prepayment will have an adverse impact on minority housing opportunities in the community.

**Third Claim—Administrative Procedure Act, 5 U.S.C. § 706(2).**

52. Plaintiffs hereby incorporate paragraphs 1 through 46 hereof as if plead herein.

53.  Defendants are operating the RD voucher program contrary to law and in an arbitrary and capricious manner and in violation of 5 U.S.C § 706(2) by: (1) failing to notify Plaintiffs of all the conditions for their eligibility for an RD voucher, including the amount of subsidy that they are likely to receive; (2) failing to allow them to apply for a voucher and to determine their eligibility in a timely manner, and failing to allow them to apply for a voucher prior to the prepayment of a loan;  and, (3) only authorizing retroactive voucher assistance under the voucher program for a term of 60 days after the agency enters into a Housing Assistance Payment Contract with a landlord willing to accept the voucher.

VII. PRAYER FOR RELIEF

Page 11 – COMPLAINT

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310

WHEREFORE, Plaintiffs request this Court to:

1.  Enter a preliminary injunction, later to be made permanent, prohibiting the Defendants from allowing the prepayment of Merrill to occur prior to August 5, 2015 except in full compliance with 42 U.S.C. § 1472(c).

2.  Enter a preliminary injunction, later to be made permanent, requiring the Defendants to process the Merrill prepayment request, submitted on or about August 18, 2014, on an expedited basis and requiring RD to extend to the Plaintiffs all forms of assistance that will enable them to remain in their homes or securing other affordable decent safe and sanitary housing in their community should the Merrill loan be prepaid.

3.  Enter a declaratory judgment that the actions and omissions of the Defendants violate RHS statutes, regulations and handbooks and the Administrative Procedure Act.

4.  Enter a declaratory judgment that the prepayment of Merrill will have an adverse impact on minority housing opportunities.

5.  Enter declaratory relief stating that RD has a statutory obligation to finance the sale of Merrill to a nonprofit or public entity and that the purchaser of Merrill has the highest priority in securing RHS Section 515 funding for such a purchase.

6.  Enter declaratory relief stating that RHS has a statutory obligation to subsidize, through Rental Assistance or debt forgiveness, the loan made to the purchaser of Merrill to ensure that the residents of Merrill do not pay more than 30 percent of income for shelter once Merrill is sold to a nonprofit or public entity.

7.  Enter declaratory and injunctive relief requiring RHS to modify its operation of the RD Voucher Program to enable residents to locate and move to other affordable,

Page 12 – COMPLAINT

decent safe and sanitary housing without having to pay market rents prior to receiving

a voucher.

8.       Award Plaintiffs their costs and reasonable attorney fees; and

9.       Grant such other and further relief as the Court may deem just and proper.

DATED this 3rd day of November, 2014.

LEGAL AID OF SERVICES OF OREGON
OREGON LAW CENTER


By:      s/ Edward Johnson
         Of Attorneys for Plaintiffs

Oregon Law Center
522 SW Fifth Ave., Suite 812
Portland, OR, 97209
Phone:  (503) 473-8310